UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ADVANCED CAPITAL SOLUTIONS, INC.; DNF ASSOCIATES LIMITED LIABILITY COMPANY; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: 1:23-CV-0419 (DNH/DJS)<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, ADVANCED CAPITAL SOLUTIONS, INC. ("ADVANCED CAPITAL SOLUTIONS"); DNF ASSOCIATES LIMITED LIABILITY COMPANY ("DNF ASSOCIATES") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because Plaintiff resides there, and the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Greene, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. ADVANCED CAPITAL SOLUTIONS maintains a location at 555 Market Avenue North, North Canton, Ohio 44702.

7. DNF ASSOCIATES maintains a location at 2351 N. Forest Road, Suite 110, Getzville, New York 14068.

8. Each Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent initial letters and/or notices from ADVANCED CAPITAL SOLUTIONS, for a debt which was owned by DNF ASSOCIATES, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also

permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to October 5, 2022, Plaintiff allegedly incurred a financial obligation to STERLING JEWELERS INC./KAY JEWELERS ("STERLING JEWELERS").

19. The STERLING JEWELERS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the STERLING JEWELERS obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

21. The STERLING JEWELERS obligation did not arise out of a transaction that was for non-personal use.

22. The STERLING JEWELERS obligation did not arise out of a transaction that was for business use.

23. The STERLING JEWELERS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. STERLING JEWELERS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to October 5, 2022, the STERLING JEWELERS obligation was allegedly purchased by and/or sold to DNF ASSOCIATES.

26. The STERLING JEWELERS obligation was in default at the time that it was allegedly purchased by and/or sold to DNF ASSOCIATES.

27. On or before October 5, 2022, DNF ASSOCIATES directly or through an agent, referred the STERLING JEWELERS obligation to ADVANCED CAPITAL SOLUTIONS for the purpose of collections.

28. At the time the STERLING JEWELERS obligation was referred to the ADVANCED CAPITAL SOLUTIONS, the STERLING JEWELERS obligation was in default.

29. ADVANCED CAPITAL SOLUTIONS caused to be delivered to Plaintiff an email dated October 5, 2022, regarding the STERLING JEWELERS obligation. **See <u>Exhibit A</u>,** which is fully incorporated herein by reference.

30. The October 5, 2022 email is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. The October 5, 2022 email was Defendants' initial written communication to Plaintiff.

32. Upon receipt, Plaintiff read and relied on the statements and representations in the October 5, 2022 email.

33.    The October 5, 2022 email stated, in part, the following:

> From: **Advanced Capital Solutions** customerservice@advancedcapsolutions.com>
> Date: Wed, Oct 5, 2022, 3:50 PM
> Subject: Your statement is available for Sterling Jewelers Inc. / Kay Jewelers
> To: MARTINEZ.ANGEL37@gmail.com>
>
> ANGEL MARTINEZ
> 128 CYPRESS RD
> GREENE NY NY, 13778
>
> Advanced Capital Solutions is a debt collector.
>
> We are trying to collect a debt that you owe to Sterling Jewelers Inc. / Kay Jewelers. We will use any information you give us to help collect the debt.
>
> Our information shows:
> You had an account now owned by DNF Associates from Sterling Jewelers Inc. / Kay Jewelers with account number 7637000027130901
>
> As of 10/5/2022 you owe: $3,661.62
>
> You do have an option to settle or you can click on our portal link and customize a payment plan that fits your financial needs.
>
> **The information that you'll need to create an account and view your information is as follows:**
>
> **Reference Number: R1519637**
> **Last name: MARTINEZ**

34.    In addition, the October 5, 2022 email stated the following:

Federal law requires we notify this is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

| Advanced Capital Solutions | View your Account |
| --- | --- |
| 555 Market Ave N | Unsubscribe |
| Canton, OH 44270 | Unsubscribe |
| | Cancelar la suscripción |

How can you dispute the debt?

• Call or write us by 11/4/2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

• If you write us by 11/4/2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at customerservice@advancedcapsolutions.com

What else can you do?

• Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by 11/4/2022, we must stop collection until we send you that information. You may use the form below or write us without the form. We accept such request electronically at customerservice@advancedcapsolutions.com

• Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.
• Contact us about our payment options.
• Póngase en contacto con nosotros para solicitar una copia de este formulario en espanõl.

35. Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

36. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

37. Regulation F established a Model Form initial collection communication which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

38. While use of the Model Form initial collection communication might be sufficient to provide the information required by 12 CFR § 1006.34, it does not guarantee compliance with the requirements of 15 U.S.C. § 1692g or any other section of the FDCPA.

39. As a result, just because a debt collector uses the Model Form initial collection communication that purports to comply with 12 CFR § 1006.34, it does not mean that a debt collector has complied with provisions of the FDCPA.

40. Moreover, even if use of the Model Form initial collection communication might provide a safe harbor for some of section 1692g's statutory requirements, a safe harbor for the form of provided information is different from a safe harbor for the substance of that information.

41. Thus, use of the Model Form initial collection communication only provides coverage for regulatory compliance (with the CFPB) and not statutory compliance. See 12 CFR § 1006.34(d)(2)(i).

42. While a debt collector does not have to use the Model Form initial collection communication, it still is required to provide the consumer with the information now required by Regulation F.

43. Pursuant to Regulation F, a debt collector must disclose an itemization of the current amount of the debt (i.e., the amount of the debt as of when the validation information is provided).

44. That itemization **must** reflect the amount of the debt incurred since the itemization date that is attributable to 1) interest charged, 2) fees incurred, 3) payments made, and 4) credits.

45. A debt collector **must** include fields in the notice for all four of these items when providing the validation information, even if no additional amounts have accrued since the itemization date.

46. For each of the four items, a debt collector **must** not leave the amount disclosure blank, but instead, **must** indicate that no amounts have been incurred since the itemization date. For example, if a consumer has not made any payments since the itemization date, a debt collector providing that consumer a written notice must still include a field for payments made in the itemization but may indicate that the value of payments made since the itemization date is "0" or "none," or may state that no payments have been assessed or applied to the debt.

47. Pursuant to Regulation F, Defendant was required to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may verify the debt. See 12 CFR 1006.34(c)(3)(i)-(iii).

48. Defendants' October 5, 2022 communication fails to include all of the additional information required by Regulation F.

49. Pursuant to Regulation F, a debt collector must disclose an itemization of the current amount of the debt (i.e., the amount of the debt as of when the validation information is provided).

50. That itemization **must** reflect the amount of the debt incurred since the itemization date that is attributable to 1) interest charged, 2) fees incurred, 3) payments made, and 4) credits.

51. A debt collector **must** include fields in the notice for all four of these items when providing the validation information, even if no additional amounts have accrued since the itemization date.

52. For each of the four items, a debt collector **must** not leave the amount disclosure blank, but instead, **must** indicate that no amounts have been incurred since the itemization date. For example, if a consumer has not made any payments since the itemization date, a debt collector providing that consumer a written notice must still include a field for payments made in the itemization but may indicate that the value of payments made since the itemization date is "0" or "none," or may state that no payments have been assessed or applied to the debt.

53. The October 5, 2022 email failed to include the required fields for interest charged, for fees incurred, payments made and for credits.

54. In addition, pursuant to Regulation F, Defendant was required to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may verify the debt. See 12 CFR 1006.34(c)(3)(i)-(iii).

55. Pursuant to 12 CFR 1006.34(b)(5), the validation period means the period starting on the date that a debt collector provides the validation information required and ending 30 days after the consumer receives or is assumed to receive the validation information.

56. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) **after** the debt collector provides it.

57. Defendant's October 5, 2022 email provided Plaintiff with less than the required 30-day period to dispute the debt, request verification or request the name and address of the original creditor.

58. The October 5, 2022 email sent by the Defendants failed to provide all of the required disclosures mandated by Regulation F.

59. Defendants knew or should have known that their actions violated the FDCPA.

60. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

61. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

    a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    b) Using unfair or unconscionable means to collect or attempt to collect any debt;

    c) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA;

    d) Failing to provide Plaintiff with notices and/or disclosures which are required by the FDCPA and Regulation F; and

    e) Failing to comply with the provisions of Regulation F.

62. Defendants have made collection attempts against at least 50 natural persons in the State of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

63. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

64. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65. Defendants' violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(10); § 1692f; §1692g(a) et seq.; and §1692g(b).

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

67. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

68. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

69. Defendant falsely represented the time period for Plaintiff to dispute the debt, request verification of the debt or to request the name and address of the original creditor.

70. Defendants violated 15 U.S.C. § 1692e of the FDCPA by failing to comply with Regulation F as described herein.

71. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

72. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

73. As described herein, Defendants violated 15 U.S.C. § 1692f.

74. As described herein, Defendant violated 15 U.S.C. § 1692g(a); § 1692g(a)3, § 1692g(a)(4) and § 1692g(a)(5).

75. As described herein, Defendant violated 15 U.S.C. § 1692g(b).

76. As described herein, Defendant violated provisions of Regulation F.

77. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

78. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

79. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

80. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 4, 2023                    Respectfully submitted,

                                        By:   *s/ Joseph K. Jones*
                                              Joseph K. Jones, Esq.
                                              jkj@legaljones.com

                                              JONES, WOLF & KAPASI, LLC
                                              One Grand Central Place
                                              60 East 42nd Street, 46th Floor
                                              New York, New York 10165
                                              (646) 459-7971 telephone
                                              (646) 459-7973 facsimile